# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

**YVONNE A. TAYLOR**       \*
      \*
         Plaintiff,       \*
      \*
         v.       \*       Civil No. **PJM 10-2247**
      \*
**ONEWEST BANK, FSB, et al.**       \*
      \*
         Defendants.       \*
      \*

## <u>MEMORANDUM OPINION</u>

Yvonne Taylor, *pro se*, has sued Onewest Bank F.S.B., First Equity Title Corp, and Deutsche Bank National Trust Company in three counts stemming from the purchase of property in Glenn Dale, Maryland. [1] The Complaint alleges the following causes of action: fraud (Count I), violation of the Federal Real Estate Settlement Procedures Act ("RESPA") (Count II), and deceit (Count III).

Onewest Bank F.S.B. and Deutsche Bank National Trust Company have filed a Motion to Dismiss relying on documents outside of the Complaint [Document No. 10]. Because the Court will consider these documents in deciding the case, as it has advised the parties, it is treating

---

[1] Taylor initially filed this suit in the Circuit Court of Prince George's County and Onewest Bank F.S.B. and Deutsche Bank National Trust Company removed the case to this Court based on federal question jurisdiction, presumably the RESPA count. First Equity Title Corp. has not entered an appearance in the case and it did not join the notice of removal, alleging that it had not been properly served [Document No. 12-1]. Although First Equity Title Corp. has not appeared in the case, the same reasons that underly dismissal of the Complaint as to the other Defendants apply with equal force to First Equity Title Corp. Hence, the Court, *sua sponte*, will grant summary judgment as to First Equity Title Corp. and the case will be **CLOSED**.

Defendants' Motion to Dismiss as a Motion for Summary Judgment. Fed. Rule. Civ. Proc.

12(d).[2] For the reasons that follow, Defendants' Motion for Summary Judgment is **GRANTED**.

## I.

Taylor alleges that she entered into a mortgage loan for a property located at 8013

Wingate Drive, Glenn Dale, Maryland.[3]  The gist of her claim is that Defendants' omissions,

misrepresentations, fraud, and deceptive business practices induced her to enter into a mortgage

loan that she could not repay.  Specifically, she claims that during the negotiation over the terms

of the loan, Defendants quoted her an annual interest rate of 6%, but that the loan was actually

made at 7%. She also alleges that Defendants failed to explain to her the true terms of the loan or

to give her certain documents and disclosures associated with the loan at settlement and closing.

She further alleges that an unnamed "Attorney" failed to disclose his fees on the form HUD-1

prior to closing, as required by the Department of Housing and Urban Development.

## II.

A motion for summary judgment under Rule 56 challenges the factual sufficiency of the

complaint. Summary judgment is appropriate when "there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). A

party is entitled to summary judgment if the evidence in the record "show[s] that there is no

genius issue as to any material fact and that the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(c); *see also Cleotex v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine

---

[2]  Taylor did not oppose Defendants' Motion to Dismiss. On October 26, 2010 the Court
informed the parties that the Motion to Dismiss would be treated as one for summary judgment
and gave Taylor 15 days to present additional evidence [Document No.14]. She has failed to
respond or present any evidence.
[3] Taylor's Complaint provides no details or evidence of the transaction between her and the
Defendants.

issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Summary judgment is properly granted against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Cleotex*, 477 U.S. at 322-23.  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  *Id*. at 323.  Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). The court is obligated to view the facts and inferences drawn from the facts in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Matsushita,* 475 U.S. at 587-88.  The non-moving party may not rest upon its mere allegations, however, but must "set out specific facts showing genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).  Moreover, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Cleotex Corp*., 736 F.2d 958-59 (4th Cir. 1984) (citation omitted).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## III.

### A

The Court begins with the allegation that Defendants, without identifying which Defendant, are liable for fraud (count I) and deceit (Count III).

To allege fraud or deceit in Maryland, a plaintiff must plead: (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that

the representation was made with reckless indifference as to its truth,  (3) that the

misrepresentation was made for the purpose of defrauding the plaintiff,  (4) that the plaintiff

relied on the misrepresentation and had the right to rely on it, and  (5) that the plaintiff suffered

compensable injury resulting from the misrepresentation. *Moscarillo v. Prof'l Risk Mgmt. Servs.,*

921 A.2d 245, 253-54(Md. 2007) (citation omitted).

In addition, the plaintiff must plead with particularity the circumstances constituting

fraud. Fed.R.Civ.P. 9(b). The allegation of fraud must describe "the time, place, and contents of

the false representations, as well as the identity of the person making the misrepresentation and

what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784

(4th Cir.1999). This heightened pleading standard applies as well to a claim of deceit. *See e.g.*

*See Woodrow v. Vericrest Fin., Inc*., No. AW-09-1612, 2009 WL 4348594, at *3 (D.Md. Nov.

30, 2009) (finding that plaintiff's deceit claim failed to meet the standard under Rule 9(b));

*Turner v. E. Sav. Bank, FSB,* No. 09-CV-2637-AW, 2010 WL 1409858, at *4 (D.Md. Apr. 2,

2010*)(*same*)*. Where there are multiple defendants, a "plaintiff must state all claims with

particularity as to each of the defendants and identify each individual defendant's participation."

*Baltimore County v. Cigna Healthcare*, 238 Fed. App'x 914, 924 (4th Cir. 2007) (quoting *Adams*

*v. NVR Homes, Inc.,* 193 F.R.D. 243, 250-251 (D.Md. 2000))(quotation marks and brackets

omitted).

An action for fraud or deceit is governed by Maryland's general three year statute of

limitations. Md.Code Ann., Cts. & Jud.Proc. § 5-101(A civil action at law shall be filed within

three years from the date it accrues unless another provision of the Code provides a different

period of time within which an action shall be commenced.) Maryland, however, follows a

Discovery Rule by which "[i]f the knowledge of a cause of action is kept from a party by the

fraud of an adverse party, the cause of action shall be deemed to accrue at the time when the party discovered, or by the exercise of ordinary diligence should have discovered the fraud." *Id.* § 5-203; *see also Dual Inc. v. Lockheed Martin Corp., 857 A.2d 1095, 1105 (Md. 2004).*

In this case, Taylor alleges that Defendants concealed and misstated the true terms of a mortgage loan, that they did so to induce her to enter into the loan, and that she in fact entered into the transaction relying on said misrepresentations. She also asserts that as a result of Defendants' misrepresentations, she was unable to repay the loan. The closing on the mortgage loan occurred on or about October 6, 2006.  Accordingly, any claims of fraud and deceit had to be brought within three years of the date when the causes of action accrued; i.e. by October 6, 2009. Because Taylor initiated this action on or about August 10, 2010, unless salvaged by the Discovery Rule, her claims are barred by Maryland's statute of limitations.

The Discovery Rule does not save Taylor's claims. Even if she did not actually discover the alleged misrepresentations until after October 6, 2006, in the exercise of ordinary diligence, a review of her loan documents at or immediately after the closing would have brought Defendants' alleged misconduct to her attention. In other words, as of closing, on or about October 6, 2006, Taylor reasonably should have discovered her claims. *See e.g.*, *Shepherd v. Fremont Inv. & Loanlip Copy*, No. WMN-09-3353, 2010 WL 2651622 at *2 (D.Md, June 30, 2010)("any cause of action related to representations made leading up to or as part of that settlement or conduct related to that settlement would have accrued no later than that date"); *Witt v. CIT Group/Consumer Finance Inc.*, No. 2:10CV440TS, 2010 WL 4609368, at *5 (D.Utah Nov. 5, 2010) ("Although Plaintiffs may not have been experienced with mortgages, the statements alleged to be fraudulent were contained in the contracts executed by Plaintiffs. Thus,

Plaintiffs had all the information necessary to discover the alleged fraud at the time of the closing of the loan. Therefore, the Court finds that the three-year statute of limitations has expired . . .").

Taylor's claims for fraud and deceit against Onewest Bank F.S.B. and Deutsche Bank National Trust Company are barred by the statute of limitations and will be **DISMISSED** with prejudice.

### B.

Taylor also alleges that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"). 12 U.S.C.A. § 2601, et. seq.  RESPA aims to "insure that consumers [] are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices." 12 U.S.C. § 2601.  Her Complaint alleges that Defendants violated RESPA § 8(a), codified as 12 U.S.C. § 2607(a).

12 U.S.C. § 2607(a) states that: "No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person."  Under RESPA, the statute of limitations varies depending on which sections are alleged to have been violated. An action under 12 U.S.C. § 2607 must be brought within one year from the date of the occurrence of the violation. 12 U.S.C. § 2614. The date of occurrence of a RESPA violation is "the closing date on the property at issue." *Hawkins v. Chick*, No. DKC 09-0661, 2009 WL 4017953 at *7 (D.Md. Nov. 17, 2009). *See also, Robinson v. Fountainhead Title Group Corp.*, 447 F.Supp.2d 478, 483 (D.Md. 2006).

Taylor does not appear to allege in her factual recitation that a fee, kickback or other thing of value was paid or given to a third person. However, even if such illegal kickback or referral

could be shown, this cause of action is barred by a one-year statute of limitations. The closing on Taylor's property occurred on or about October 6, 2006, more than three years before she filed the Complaint. Accordingly, insofar as she attempts to assert a claim under § 2607(a), that claim is time-barred.

That said, based on the facts Taylor alleges as part of Count II, Taylor may be trying to assert a cause of action under 12 U.S.C. § 2603. Under §2603 the person conducting the settlement must provide to the borrower, at or before settlement, a statement which "shall conspicuously and clearly itemize all charges imposed upon the borrower and all charges imposed upon the seller in connection with the settlement and shall indicate whether any title insurance premium included in such charges covers or insures the lender's interest in the property, the borrower's interest, or both." *Id*.

Taylor alleges that Defendants failed to disclose the true terms of the mortgage and that the HUD-1 form did not include fees paid to an unnamed "Attorney." If she is attempting to assert a § 2603 claim, however, other courts have found that no private right of action exists under that section of RESPA. *See e.g., Bloom v. Martin, 865 F. Supp. 1377, 1384 (N.D. Cal. 1994), aff'd,* 77 F.3d 318 (9th Cir. 1996) ("The structure of RESPA's various statutory provisions indicates that Congress did not intend to create a private right of action for disclosure violations under 12 U.S.C. § 2603."); *Rush v. American Home Mortg., Inc.,* No. WMN-07-CV-0854, 2010 WL 1418000, at *6 (D. Md. Apr. 6, 2010)(finding that no explicit or implied private right of action exists under § 2603)*; Mentecki v. Saxon Mortg.,* No. Civ. A. 96-1629-A, 1997 WL 45088, at *6 (E.D. Va. Jan. 10, 1997) (adopting the reasoning in *Bloom*.). *See also*, 12 U.S.C. §2614 (providing a right of action only for violations of 12 U.S.C. §§ 2605, 2607, and 2608).

Therefore, Taylor's claim under 12 U.S.C. § 2603 fails as a matter of law and Count II of the Complaint will also be **DISMISSED** with prejudice.

**IV.**

In sum, Defendants' Motion for Summary Judgment is **GRANTED**. Counts I, II, and III are **DISMISSED WITH PREJUDICE** as to Onewest Bank F.S.B., Deutsche Bank National Trust Company, and First Equity Title Corp. Final judgment will be entered in favor of Defendants and the case will be **CLOSED.**

A separate Order will **ISSUE**.

February 28, 2011                                   _____/s/_____

                                                              PETER J. MESSITTE

                                                    UNITED STATES DISTRICT JUDGE